MEMORANDUM **
Christopher Sadao Osumi was convicted in California state court for robbing a 7-11 convenience store with a knife on two separate occasions. The same clerk was on duty both times, and the crimes were committed only sixteen days apart. The clerk’s eyewitness testimony was crucial to the prosecution’s case. The state courts affirmed Osumi’s conviction and sentence on direct appeal and denied his petitions for post-conviction relief. Osumi then filed this federal petition for habeas corpus, which the district court denied. Osumi appeals two certified issues of ineffective assistance at trial.
Osumi’s first certified issue is that his trial counsel provided ineffective assistance by failing to challenge the pretrial photo array from which the 7-11 clerk first identified him as the robber. He claims that the photo array was impermissibly suggestive because his photo had a different color cast from that in the other five pictures. “[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidenti-fication.” Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
Because the state courts’s rejection of this claim was not based on a clearly erroneous application of Supreme Court law, we cannot grant relief. Hess v. Bd. of Parole, 514 F.3d 909, 913 (9th Cir.2007) (“Where, as here, the state court reaches the merits without providing a reasoned decision for us to review, however, ‘we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law.’ ”); see 28 U.S.C. § 2254(d)(1); Carey v. Musladin, 549 U.S. 70, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006). We have found the high bar in Simmons unmet in cases involving similar color differences, even when combined with other differences among the photos included in the chal *24 lenged lineup. See United States v. Burdeau, 168 F.3d 352, 357-58 (9th Cir.1999); Mitchell v. Goldsmith, 878 F.2d 319, 323 (9th Cir.1989). We have further found.no constitutional defect where, as here, the substance and detail of the eyewitness’ testimony carried other “indicia of reliability.” Mitchell, 878 F.2d at 323. There is no reasonable probability that the result of Osumi’s trial would have been different had his trial attorney objected to the pretrial photo array. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Osumi’s second certified issue is that his trial attorney provided ineffective assistance at trial by failing to call an expert to testify as to the general unreliability of eyewitness testimony. The state courts’ rejection of this claim did not result in an unreasonable application of Supreme Court holdings, so we cannot grant relief. See 28 U.S.C. § 2254(d)(1); Musladin, 127 S.Ct. at 653. Osumi does not provide affidavits stating who should have been called as an expert or what he or she would have said that would have been relevant and helpful to the defense in the particular circumstances of Osumi’s case. See Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir.1997). Osumi therefore has not established any reasonable probability that the result of his trial would have been different had his attorney called an eyewitness expert. See Strickland, 466 U.S. at 694.
We have reviewed Osumi’s uncertified claims and determined that they do not warrant expanding the certificate of ap-pealability. See Doe v. Woodford, 508 F.3d 563, 567 (9th Cir.2007).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.